UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURT BAGGS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-6808** |
| **TERRY TERRELL, WARDEN ALLEN CORRECTIONAL CENTER** | **SECTION "S"(4)** |

## ORDER AND REASONS

Before the Court is a **Motion for Leave to File Amended Petition for Writ of Habeas Corpus (Rec. Doc. No. 12)** filed by the petitioner, Kurt Baggs, noticed for hearing before the Court on April 18, 2012. Baggs requests leave to amend his federal petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. The respondent has not filed an opposition to the motion.

### I. Factual and Procedural Background

Baggs, with retained counsel, filed his § 2254 petition in this Court on October 14, 2009, challenging his October 13, 2008 pleas of guilty to two fourth offense charges for driving while intoxicated (under the influence of drugs), in St. Tammany Parish Case Numbers 403896 and 425694.[1] He was sentenced that same day to serve ten years at hard labor on each charge to run consecutively.[2]

---

[1] Rec. Doc. No. 1, p. 3.

[2] *Id.*

Baggs did not appeal his guilty pleas or the sentences.³ Instead, just one day prior to filing this federal petition, on October 13, 2009, Baggs reportedly filed two state applications for post-conviction relief in which he raised ineffective assistance of counsel, indeterminate sentence, and denial of individualized sentencing consideration.⁴

His counsel then filed this federal petition on October 14, 2009, raising the following grounds for relief: (1) ineffective assistance of counsel for failure to present evidence of Baggs's prior medical history or prescription drugs use; (2) indeterminate sentence based on the consecutive assignment of the sentences at the same time; (3) no opportunity for proportionality assessment where there was no individual appraisal of the appropriateness and proportionality of the sentences; (4) cumulative errors by counsel amount to ineffective assistance of counsel for failure to obtain prior medical records; (5) evidentiary hearing requested; and (6) Stay and abeyance requested.

On February 19, 2010, the respondent filed an answer and memorandum in opposition to Baggs's petition raising his failure to exhaust state court remedies.⁵ Although this was not a mixed petition, Baggs thereafter moved this Court, without opposition, to stay the federal petition and the request was granted by the District Judge.⁶

Upon pursuing the reopening of this case on April 4, 2012, the Court was called upon to consider Baggs's motion seeking leave to file an amended petition based on "developments" and

---

³*Id.*

⁴*Id.*

⁵Rec. Doc. Nos. 7, 8.

⁶Rec. Doc. Nos. 9, 10.

"additional procedural history."[7] Baggs also requests an additional 90 days to file the amended pleading.

**II.     Standards of Review**

Rule 11 of the Rules Governing Section 2254 Cases, permits application of the Federal Rules of Civil Procedure in habeas cases "to the extent that [the civil rules] are not inconsistent with any statutory provisions or [the habeas] rules." *Mayle v. Felix*, 545 U.S. 644, 654 (2005) (quoting Fed. R. Civ. P. 11); *see also* Fed. Rule Civ. P. 81(a)(2) (The civil rules "are applicable to proceedings for . . . habeas corpus.") In addition, 28 U.S.C. § 2242 specifically provides that habeas applications "may be amended . . . as provided in the rules of procedure applicable to civil actions." Therefore, the Court can utilize the parameters of Fed. R. Civ. P. 15 when considering motions to amend a habeas petition. *Mayle*, 545 U.S. at 655.

Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings. It provides that leave to amend pleadings "shall be freely given when justice so requires." Id. This and other federal rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v Gibson*, 355 U.S. 41, 48 (1957).

Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v Osborne*, 133 F.3d 315, 318 (5the Cir. 1998). However, leave to amend is by no means automatic. *Addington v Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). The decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court. *Id.*

---

[7]Rec. Doc. Nos. 11, 12, 15.

In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Gregory v Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). Leave to amend should be denied when doing so is required for fairness to the party opposing the motion for leave to amend. *Zenith Radio Corp. v. Hazeltime Research, Inc.*, 401 U.S. 321 (1971).

### III. Analysis

Baggs, through counsel, seeks to amend his petition to include additional procedural history of and substantive claims raised in his applications for post-conviction relief in the state courts.[8] Baggs has not submitted a proposed pleading, nor has he provided any details or specificity of what he intends to add to his petition other than these broad statements.

Nevertheless, the Court finds that it would be beneficial, and not prejudicial, to this proceeding to allow Baggs to amend his original petition to provide a summary of the state post-conviction proceedings and a designation of the particular substantive arguments which have been exhausted and which he now intends to pursue here. Baggs is reminded that the United States Supreme Court has held that an amended habeas petition, which adds discrete claims unrelated to those raised in the original petition, and which is filed after expiration of the federal limitations period, does not relate back to the filing date of the original petition under Fed. R. Civ. P. 15(c). *Mayle*, 545 U.S. at 662-63. Because two and one-half years have passed since the filing of his original petition by counsel, Baggs is limited in his presentation of the amended claims by the scope of the claims and arguments already raised in the original petition.

---

[8]Rec. Doc. No. 12, p.1; Rec. Doc. No. 12-2, p. 1

The Court further finds that 90 days is an excessively long period which will serve only to further delay the proceedings in this case. The recent history does not appear to be complicated, and there is nothing counsel can add to this petition that was not already presented to the state courts. *See Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011) (the federal courts' review under § 2254 is limited to the record that was before the state court that adjudicated the claims). The Court finds 90 days to be unreasonably long, especially considering the fact that the respondent must be given time to respond to the amended petition and to supplement the state court records. The Court, therefore, will allow Baggs 30 days to file the amended petition. Accordingly,

**IT IS ORDERED** that Baggs's **Motion for Leave to File Amended Petition for Writ of Habeas Corpus (Rec. Doc. No. 12)** is **GRANTED** and that the amended petition **SHALL** be filed on or before **May 23, 2012**.

**IT IS FURTHER ORDERED** that, on or before **June 25, 2012**, the respondent, Warden Terry Terrell, **SHALL** file a supplemental memorandum in opposition to Baggs's amended petition.

**IT IS FURTHER ORDERED** that, on or before **June 25, 2012**, Warden Terrell's counsel **SHALL** present to the Pro Se Unit in the Clerk of Court's Office a supplemental volume(s) to the state court record to provide this Court with certified copies of any and all state court pleadings, transcripts, and rulings filed and/or issued on or after December 13, 2009, from the trial court, appellate court, and the Louisiana Supreme Court records.

New Orleans, Louisiana this 24th day of April, 2012.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**