UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURT BAGGS, #425029** | **CIVIL ACTION NO. 09-6808** |
| **VERSUS** | **SECTION "S"** |
| **TERRY TERRELL, WARDEN,<br>ALLEN CORRECTIONAL CENTER** | **MAGISTRATE (4)** |

## SUPPLEMENTAL MEMORANDUM IN OPPOSITION
## TO APPLICATION FOR HABEAS CORPUS

**MAY IT PLEASE THE COURT:**

The District Attorney for the Parish of St. Tammany, State of Louisiana files this Supplemental Memorandum in opposition to the application seeking habeas corpus relief filed herein and in response to the Order issued by the Court on April 24, 2012.

## STATEMENT OF THE CASE

The two state court proceedings at issue herein are docket nos. 403896 and 425694 in the 22nd Judicial District Court, Parish of St. Tammany. Petitioner, Kurt Baggs, entered pleas of guilty in each of these cases on October 13, 2008 to fourth offense DWI offenses in violation of La. R.S. 14:98. Pursuant to the plea agreement, he was sentenced on that same

Page 1

date in each case to ten years imprisonment, with the sentences to run consecutively. Since the conviction and sentence were the result of a plea agreement, no appeal was filed. On October 13, 2009, petitioner filed an application for post-conviction relief with the district court[1]. That application was denied by the district court on November 20, 2009. No review was sought of that ruling.[2]

On April 7, 2010, petitioner filed a Motion to Reopen Sanity Commission with the trial court. Following an evidentiary hearing on September 23, 2010, the trial court denied the motion. Petitioner sought review of that ruling in the First Circuit Court of Appeal (2011-KW-0368), which denied the writ application on May 9, 2011, and the Louisiana Supreme Court (2011-KP-1191), which denied the related writ application on March 2, 2012. Thereafter, petitioner moved to reopen this habeas action and has amended the original petition to add claims asserting (1) petitioner was mentally incompetent at the time of the guilty plea; (2) the trial court erred in failing to find a *Pate* violation when there was doubt as to petitioner's competency at the time of his guilty plea; and (3) the trial court erred in considering hearsay treatment records of Dr. Higgins.

---

[1] In reviewing the state court records from the Clerk of Court, the application is only contained in the record of docket no. 403896, but the caption contains both docket nos.

[2] Undersigned counsel called both the First Circuit Court of Appeal and the Louisiana Supreme Court. Each court advised that only one writ application was filed by petitioner with each court, and as will be discussed further, those writ applications were filed later regarding the denial of the Motion to Reopen Sanity Commission.

**LAW AND ARGUMENT**

**Timeliness**

The federal habeas corpus application filed herein by Baggs must be filed in accordance with the requirements of 28 U.S.C. 2244, as amended, by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA applies to this case since it was filed after the enactment of the AEDPA, which became effective on April 24, 1996. The AEDPA established a one (1) year statute of limitations for the filing of federal habeas applications. 28 U.S.C. 2244(d)(1). Pursuant to this sub-section, this one year statute of limitations runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. The conviction and sentence at issue herein became final on October 13, 2008, the date petitioner pled guilty and was sentenced pursuant to the plea agreements. *See* La. C.Cr.P. art. 881.2, which provides that a defendant may not appeal or seek review of a sentence imposed in conformity with a plea agreement set forth in the record at the time of the plea.

The AEDPA provides for interruption of the one year limitations period, stating that "the time during which a properly filed application for state post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection". 28 U.S.C. §2244(D)(2). By its plain language, the statute at issue, 28 U.S.C. §2244(d)(2), does not create a new full one

Page 3

year term within which a federal habeas petition may be filed at the conclusion of state court post conviction proceedings. Flanagan v. Johnson, 154 F.3d 196 (5th Cir. 1998). Because this statute is a tolling provision, the time during which state court post conviction proceedings are pending must merely be subtracted from the one year limitations period. *See* Flanagan, *supra*. For a post conviction application to be considered "properly filed" within the meaning of §2244(D)(2), the applicant must conform with a state's applicable procedural filing requirements. Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).

Petitioner filed his state application for post conviction relief on October 13, 2009, the last day of his one year filing period, which served to interrupt his filing period. This habeas petition was filed on October 14, 2009, while the state application remained pending, and was subsequently stayed and recently reopened. As a result, the petition appears to be timely.

**Failure to Exhaust State Court Remedies**

The exhaustion doctrine, generally codified in 28 U.S.C. 2254(b) and (c), requires that a state prisoner's entire federal habeas petition be dismissed unless his state remedies have been exhausted as to all claims raised in the federal petition. Graham v. Johnson, 94 F.3d 958 (5th Cir. 1996). Generally, the exhaustion requirement is satisfied only when the specific

constitutional grounds urged in a federal habeas petition were fairly presented to the State's highest court. Mercandel v. Cain, 179 F.3d 271 (5th Cir. 1999).

The original habeas petition filed herein asserted the following claims: (1) ineffective assistance of counsel; (2) indeterminate sentence; (3) no opportunity for proportionality assessment; and (4) cumulative errors. The amended habeas petition asserts the following claims: (1) the trial court erred in accepting petitioner's guilty plea because he was incompetent; (2) the trial court failed to find a *Pate* violation and allowed petitioner to enter a guilty plea when there was sufficient doubt as to his competency; and (3) the trial court erred in considering the hearsay notes of Dr. Higgins. At the time the original petition was filed, petitioner admitted that the claims had not been exhausted and moved to stay this action in order to conclude his claims in state court. Thereafter, the claims raised in the amended complaint regarding petitioner's competency[3] were raised in the post-conviction Motion to Reopen Sanity Commission, and subsequently, review of the denial of that motion was sought by writ application filed with the Louisiana Supreme Court, and accordingly, those claims are exhausted. However, the claims raised in the original habeas petition filed herein were not raised to the Louisiana Supreme Court, and therefore, remain unexhausted. As a mixed petition, this action is subject to dismissal for failure to exhaust state court

---

[3]The third claim pertaining to an evidentiary matter occurred during the hearing on this motion. Accordingly, it was not raised in the motion, but was raised in the writ applications filed with the appellate courts following the denial of that motion.

remedies. Nevertheless, the State will further address the merits of the claims asserted in the amended petition, which were exhausted.

**Standard of Review**

This Petition for Writ of Habeas Corpus was filed pursuant to 28 U.S.C. 2254, which provides that an application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall only be entertained on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. A federal court may grant a writ of habeas corpus only if a state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the United States Supreme Court has on a set of materially indistinguishable facts. Absent such a direct conflict with the United States Supreme Court, the writ of habeas corpus is available only if the state court unreasonably applies clearly established federal law, as determined by the United States Supreme Court, to the facts of the prisoner's case, or makes an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. The standard is one of objective reasonableness. Montoya v. Johnson, 226 F.3d 399 (5th Cir. 2000). Furthermore, state court factual determinations shall be presumed correct unless rebutted by "clear and convincing evidence". Williams v. Cain, 125 F.3d 269 (5th Cir. 1997).

In <u>Cullen</u> v. <u>Pinholster</u>, docket no. 09-1088, 131 S.Ct. 1388 (2011), the Supreme Court addressed the issue of "whether review under §2254(d)(1) permits consideration of evidence introduced in an evidentiary hearing before a federal habeas court". *Id* at 1398. The Court held that review under §2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits". *Id* at 1398. §2254(d)(1) applies to claims that were adjudicated on the merits in state court proceedings and provides that a federal habeas application shall not be granted with respect to such claim, unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"Section 2254(d) applies even where there has been a summary denial." <u>Pinholster</u>, *supra* at 1402. In these circumstances, a petitioner "can satisfy the 'unreasonable application' prong of §2254(d)(1) only by showing that 'there was no reasonable basis'" for the state court's decision. <u>Pinholster</u>, *supra* at 1402.

The State submits the claims at issue herein were adjudicated on the merits by the state court, and therefore, no evidentiary hearing should be held herein.

**Claim No. 1 - Incompetence on Date of Plea**

In his first claim herein, Baggs asserts he was legally incompetent on the date of his plea, October 13, 2008, and the trial court erred in failing to find he was incompetent. He asserts that he presented a preponderance of evidence at the hearing on his Motion to Reopen Sanity Commission to prove he was incompetent at the time of his plea. The State asserts there was no evidence that he was incompetent on that date.

On habeas review, a petitioner may collaterally attack his conviction by initially showing that the facts are sufficient to positively, unequivocally and clearly generate a real, substantial and legitimate doubt as to his mental capacity at the time of trial. This threshold burden is extremely heavy. Carter v. Johnson, 131 F.3d 452 (5th Cir. 1997). The burden is on the petitioner to prove his allegations, and such proof should be clear and convincing, including substantial evidence of mental incompetence at or near the time of trial supported by the opinions of qualified physicians. The mere presence of a mental defect does not demonstrate mental incompetence. Bruce v. Estelle, 483 F.2d 1031 (5th Cir. 1973).

A medical inquiry into competency is a fact-finding exercise, and the factual finding of competence is presumed to be correct. Bruce, *supra*; Flugence v. Butler, 848 F.2d 77 (5th Cir. 1987) (Having conducted the competency hearing and the plea hearing, the state trial judge was in the best position to assess the petitioner's competence. We logically must and do give substantial deference to that assessment.)

While there is no dispute that Baggs suffered from a schizoaffective disorder, that fact alone is insufficient to prove his mental incompetence for purposes of entering a plea or standing trial. Baggs asserts that one doctor (Dr. Thompson) could not make any conclusions about his symptomology on the date of his plea and the other doctor (Dr. Salcedo) concluded there was a high probability that he was incompetent on that date. The State strongly disagrees with this characterization of the evidence. The statement regarding Dr. Salcedo's opinion is based strictly on a letter he wrote and does not take into account his subsequent testimony at the hearing in which he explained the statement at issue and specifically did not opine that Baggs was incompetent at the time of the plea. Dr. Salcedo testified that his letter was based, in part, on a report from a pharmacist regarding medications being taken by Baggs. That information from the pharmacist was refuted at the hearing. For example, Dr. Schaff, the pharmacist expert, testified that in October, 2008, one of the drugs being taken by Baggs was Percocet, and he went on to describe the side effects of that drug. *See* transcript of hearing from September 23, 2010, p. 42. However, it was later established, through the testimony of Susan Johanssen and the records from the Sheriff's Office, that although Baggs was prescribed Percocet at the emergency room, the jail does not dispense Percocet, and instead, Baggs was prescribed Ultram. *See* transcript of hearing from September 23, 2010, p. 95-97. Dr. Salcedo further explained the conclusion in his report now relied upon by Baggs to establish his incompetence. Dr. Salcedo testified that the

Page 9

wording in the letter was stronger than he intended, and that *he did not know if Baggs was incompetent*. *See* transcript of hearing from September 23, 2010, p. 104. He further elaborated, stating his letter attempted to hypothetically state that if Baggs was in the same condition as the first time he saw him, it was *possible* he *may* have been incompetent. However, if Baggs was more like he was the second time Dr. Salcedo saw him, there was no problem with his competence. *See* transcript of hearing from September 23, 2010, p. 103-104. Neither Dr. Thompson nor Dr. Salcedo expressed an opinion that Baggs was incompetent at the time of his guilty plea. This is certainly not the showing sufficient to positively, unequivocally and clearly generate a real, substantial and legitimate doubt as to his mental capacity at the time of trial, as required for collateral habeas review.

Baggs argues that the doctors did not have his medical records prior to their determination in February, 2008 that he was competent to proceed. However, both doctors acknowledged that the medical records merely confirmed information they already knew at that time. Baggs had informed both doctors of his previously diagnosed schizophrenia issue and his prior treatment, even going so far as to tell Dr. Thompson which medication, Seroquel, worked best in treating his illness. *See* transcript of hearing from September 23, 2010, p. 12, 19, 69. Baggs further argues that he was under-medicated at the time of the plea, but no physician testified to that fact. Dr. Thompson explained that he was gradually moved to Seroquel and the dosage he had taken before, so this was in accordance with physician

recommendation. Dr. Thompson testified that at the time of the plea, petitioner was at the dosage of Seroquel he had taken earlier. While he complains that his competence may have been affected by the change in medication, there is no physician opinion to support this argument. In fact, Dr. Thompson testified that he suggested moving petitioner to Seroquel to enhance his competence, i.e. his ability to relate to his attorney and to help with voices. *See* transcript of hearing from September 23, 2010, p. 19-20. At the same time that he alleges his medications were changed and he was under-medicated, petitioner also argues that at the time of the plea, his medications were similar to those at the time he was found incompetent. Both statements cannot be correct, and clearly Dr. Thompson testified and the records show that after the first evaluation, petitioner's medication was changed from Haldol to Seroquel to help with his competency. *See* transcript of hearing from September 23, 2010, p. 9, 15-16.

Petitioner further argues that his plea was entered approximately nine months after the competency finding with no further examination, which he alleges was contrary to recommendations from both members of the sanity commission. The State disagrees. There was no recommendation to the court by the sanity commission when petitioner was found competent in February, 2008 regarding another examination, and there was no information brought to the court to suggest another examination was necessary. Dr. Salcedo only

testified, in general, that evaluations can begin getting dated, but there was no recommendation that was ignored by the trial court.

Petitioner failed to produce substantial evidence of mental incompetence at or near the time of his plea, supported by the opinions of qualified physicians. Neither of the physicians called to testify opined that petitioner was incompetent at the time of the plea. While petitioner spends much effort discussing, in general, the effects of schizoaffective disorder, that diagnosis alone is insufficient to prove his incompetence. In fact, as explained by Dr. Rafael Salcedo, called to testify by Baggs at the hearing on his motion, it is not simply the fact of a diagnosis, but whether Baggs was experiencing symptoms so severe as to impair his abilities at the time of the plea. Dr. Salcedo reviewed all of petitioner's medical records, including those from his treatment while in jail, and discerned that the medical notes from his treatment in jail did not depict someone radically different from Dr. Salcedo's examination in January, 2008 when he found Baggs to be competent, thereby indicating his competency at the time of the plea. *See* transcript of hearing of September 23, 2010, p. 78.

The factual finding of the state court on this fact-intensive inquiry should be given great deference. Petitioner has failed to meet his burden of proving that the ruling of the state courts were contrary to United States Supreme Court jurisprudence or that the state courts made an unreasonable determination of the facts. The State submits this claim is without merit.

**Claim No. 2 - Alleged *Pate* Violation**

In his second claim herein, Baggs alleges the trial court erred in allowing him to enter a guilty plea when there was "significant information" before the court to suggest he was not competent. However, the significant information to which he refers consists of past history in the case, much of which occurred at the time he was found incompetent, as opposed to the relevant time. In addition, a review of the plea proceeding dispels Baggs' contention. He was represented by counsel at that proceeding, and he responded appropriately to all questions posed by the trial court. The court inquired as whether he was under the influence of any medication that was affecting his thinking, and he affirmatively responded that he was not. The court inquired whether he understood what was happening in court, and he responded affirmatively that he did. Baggs further told the court he had discussed the matter with his counsel, who had answered all questions and explained everything to him. After the court explained the charge and possible penalty, he responded that he understood. He further affirmatively understood his rights and the waiver of those rights by pleading guilty. The trial court inquired as to any questions he might have, and he had none. *See* transcript of October 13, 2008, beginning at p. 30. There was no indication or information before the court at the time of the plea which would have raised any doubt as to his competency, and his counsel did not indicate any problems in communicating with petitioner or in petitioner's understanding of the proceedings.

If the trial judge receives "information which objectively considered should reasonably have raised a doubt about defendant's competency and alerted him to the possibility that the defendant could neither understand the proceedings, nor rationally aid his attorney in his defense," the trial judge must make further inquiry into the defendant's competence to stand trial. Lokos v. Capps, 625 F.2d 1258, 1261 (5th Cir. 1980). If the trial judge does not conduct an inquiry into competency after receiving sufficient information to raise a reasonable doubt as to competency, a procedural due process violation, commonly known as a *Pate* violation, occurs. The habeas petitioner carries the burden of showing that a *Pate* violation occurred by making a clear and convincing showing of the existence of a "real, substantial and legitimate doubt as to [his] mental capacity." Bruce, *supra*.

Clearly, the trial court in this case invoked a sanity commission when the issue was raised in 2007. However, there was no information before the court to suggest incompetency at the time of the plea. In fact, even now, there is no evidence before the Court to prove petitioner was incompetent at that time.

Petitioner has failed to meet his burden of proving that the ruling of the state courts were contrary to United States Supreme Court jurisprudence or that the state courts made an unreasonable determination of the facts. The State submits this claim is without merit.

**Claim No. 3 - Hearsay Treatment Notes**

In his third and final claim herein, Baggs alleges the trial court erred in considering the hearsay treatment notes of Dr. Higgins, the psychiatrist who treated Baggs while imprisoned.

The medical records at issue that petitioner claims were hearsay *were introduced by the defense counsel* as Exhibit D-5 at the hearing on Baggs' Motion to Reopen Sanity Commission, and in fact, many of the facts cited in this amended habeas petition are taken from those records. Moreover, the facts regarding Baggs' medication, as testified to by the petitioner's pharmacology expert, were taken from those records. Once the records were introduced by the defense, the court was certainly entitled to review and utilize that evidence. Moreover, it should be noted that Dr. Salcedo testified as an expert witness, called by the defense, and as an expert, he was allowed to rely on the records of a treating physician, such as Dr. Higgins. State v. Andrews, 369 So.2d 1049 (La. 1979) (Medical experts are expected to rely in part on examinations performed by others in arriving at their opinions, and this reliance does not render their opinions inadmissible hearsay).

Dr. Rafael Salcedo, called to testify by Baggs at the hearing, testified that the issue, with regard to competency, was whether Baggs was experiencing symptoms so severe as to impair his abilities at the time of the plea, and these notes were helpful in providing information as to whether Baggs was symptomatic at or near the time of the plea. *See*

Page 15

transcript of September 23, 2010, p. 88-89. Dr. Thompson's testimony is substantially the same, as he explained the illness itself does not automatically render petitioner legally incompetent, but rather it is whether the symptoms impact his ability to relate to his attorney and understand the proceedings. *See* transcript of hearing from September 23, 2010, p. 17-18. Dr. Salcedo ascertained that the medical notes from his treatment in jail did not depict someone radically different relative to Dr. Salcedo's examination in January, 2008 when he found Baggs to be competent. *See* transcript of September 23, 2010, p. 78. Regardless, the evidence at issue was introduced by the defense and was already in evidence. Any objection with regard to its admissibility is without merit.

Petitioner has failed to meet his burden of proving that the ruling of the state courts were contrary to United States Supreme Court jurisprudence or that the state courts made an unreasonable determination of the facts. The State submits this claim is without merit.

## **CONCLUSION**

For the foregoing reasons, the State of Louisiana respectfully submits that petitioner's Application for Habeas Corpus Relief should be dismissed.

          Respectfully submitted:

By:   s/Kathryn Landry
      KATHRYN LANDRY, Bar No. 19229
      P. O. Box 82659
      Baton Rouge, LA 70884
      Telephone: (225) 766-0023
      Facsimile: (225) 766-7341

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Supplemental Memorandum in Opposition to Application for Habeas Corpus has been filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Baton Rouge, Louisiana this 25th day of June, 2012.

s/Kathryn Landry<br>
KATHRYN LANDRY