UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURT BAGGS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-6808** |
| **TERRY TERRELL, WARDEN ALLEN CORRECTIONAL CENTER** | **SECTION "S"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2).[1]

### I. State Factual and Procedural Background

The petitioner, Kurt Baggs ("Baggs"), is a convicted inmate incarcerated in the Allen Correctional Center in Kinder, Louisiana.[2] Baggs's challenge before this Court relates to two

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 20, p.4.

convictions from St. Tammany Parish for fourth offense driving while intoxicated in Case Nos. 403896 and 425694 for which he is now serving consecutive ten year sentences.

In Case No. 403896, Baggs was charged by bill of information on November 2, 2005, with a fourth offense driving while intoxicated which occurred on September 19, 2005.[3] He was later charged on February 14, 2007, in Case No. 425694 with another fourth offense driving while intoxicated which occurred on January 14, 2007, while he was out on bond in the older case.[4] Baggs entered pleas of not guilty in both cases.[5]

He later withdrew the plea in Case No. 403896 and entered a plea of not guilty and not guilty by reason of insanity in both cases.[6] The Trial Court held a lunacy hearing to determine his competence to proceed and assist with his defense in both cases on August 20, 2007.[7] Based on the stipulated reports of the lunacy commission doctors, the Court found that Baggs was not competent to proceed in either case and caused him to be held for treatment for 90 days.[8]

Thereafter, on December 4, 2007, the Court held a review hearing as to both cases at which time he ordered that Baggs be re-evaluated by the lunacy commission doctors.[9] At the lunacy

---

[3] St. Rec. Vol. 2 of 3, Bill of Information (403896), 11/2/05.

[4] St. Rec. Vol. 1 of 3, Bill of Information (425694), 2/14/07; *see* St. Rec. Vol. 2 of 3, Minute Entry (403896), 1/11/07 (setting bond).

[5] St. Rec. Vol. 2 of 3, Minute Entry (403896), 1/11/07; St. Rec. Vol. 1 of 3, Minute Entry (425694), 2/26/07.

[6] St. Rec. Vol. 2 of 3, Minute Entry (403896), 5/14/07.

[7] St. Rec. Vol. 2 of 3, Lunacy Hearing Minutes (403896), 8/20/07; St. Rec. Vol. 1 of 3, Lunacy Hearing Minutes (425694), 8/20/07.

[8] *Id.*

[9] St. Rec. Vol. 2 of 3, Minute Entry (both), 12/4/07; St. Rec. Vol. 1 of 3, Minute Entry (both), 12/4/07.

review hearing held February 1, 2008, the parties stipulated to doctors' reports, and the Court found Baggs competent to proceed with trial.[10]

After several months of proceedings on other pretrial motions, on October 13, 2008, Baggs entered pleas of guilty in both cases.[11] After waiver of legal delays, he was sentenced that day to serve consecutive 10 year sentences at hard labor in each case.[12] Baggs's convictions became final 30 days later, on November 12, 2008, because he did not seek reconsideration of the sentence or file an appeal. La. Code Crim. P. art. 914;[13] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("a conviction becomes final when the time for seeking further direct review in the state court expires.") (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)).

Eleven months later, on October 13, 2009, Baggs's proceeding with counsel filed an application for post-conviction relief under both case numbers requesting an evidentiary hearing and raising only one ground for relief, that trial counsel was ineffective for failing to obtain Baggs's medical and psychiatric records and for counseling Baggs to plead guilty.[14] Baggs did not present

---

[10]St. Rec. Vol. 2 of 3, Lunacy Review Hearing Minutes (both), 2/1/08; St. Rec. Vol. 1 of 3, Lunacy Review Hearing Minutes (both), 2/1/08.

[11]St. Rec. Vol. 2 of 3, Plea Minutes (403896), 10/13/08; St. Rec. Vol. 1 of 3, Plea Minutes (425694), 10/13/08; St. Rec. Suppl. Vol. 3 of 3, Plea Transcript (both), 10/13/08.

[12]St. Rec. Vol. 2 of 3, Plea Minutes (403896), 10/13/08; St. Rec. Vol. 1 of 3, Plea Minutes (425694), 10/13/08; St. Rec. Suppl. Vol. 3 of 3, Plea Transcript (both), 10/13/08.

[13]Louisiana law requires a criminal defendant to move for leave to appeal within 30 days of the order or judgment that was being appealed, or of a ruling on a timely motion to reconsider a sentence. La. Code Crim. P. art. 914 (as amended La. Acts 2003, No. 949, § 1). Failure to move timely for appeal under Art. 914 rendered the conviction and sentence final at the expiration of that period. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985).

[14]St. Rec. Vol. 2 of 3, Application for Post-Conviction Relief (both), 10/13/2009.

any supporting arguments for this claim, instead his counsel presented the following explanation for the filing of the application:[15]

> Mr. Baggs intends to fully brief claims of ineffective assistance of counsel among others once counsel obtains the documents and records noted above. Mr. Baggs respectfully files this application to interrupt his post-conviction federal habeas time limitations periods.

The record does not reflect that counsel filed a supplement to the application or the claim itself. Counsel did file, the next day, the instant federal habeas corpus petition as will be discussed further later in this report and recommendation.

Addressing the application as filed, on November 20, 2009, the state Trial Court denied relief after confirming the procedural protections surrounding and legality of the pleas, including Baggs competence to enter the pleas.[16] The Court also found that Baggs failed to meet his burden of proof regarding the ineffective assistance of counsel claim; and on its review, found no basis in the record to support the claim under the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), and related state law. Baggs did not seek further review of this ruling in the state courts.

More than two months later, on February 23, 2010, counsel filed a motion with the Trial Court seeking to have the judgment re-issued alleging that defense had not received a copy of the Trial Court's November 20, 2009 judgment.[17] The Trial Court granted the motion.[18] Baggs still did not pursue further review of the Trial Court's November 20, 2009 ruling on the post-conviction application.

---

[15]St. Rec. Vol. 2 of 3, Application for Post-Conviction Relief (both), p. 4, 10/13/09.

[16]St. Rec. Vol. 2 of 3, Trial Court Judgment, 11/20/09.

[17]St. Rec. Suppl. Vol. 3 of 3, Motion to Re-Issue Judgment (both), 2/23/10.

[18]St. Rec. Suppl. Vol. 3 of 3, Trial Court Order, 2/23/10.

Six weeks later, Baggs through counsel filed a motion seeking to re-open the sanity commission.[19] Baggs argued that the sanity commission made its recommendations to the state trial court without having received and reviewed Baggs's prior psychiatric records. Baggs's also claimed that he was on psychotropic medication on the day of his guilty plea which altered his ability to enter a knowing and voluntary plea. He further argued that the Trial Court was unable to fully investigate and evaluate Baggs's competence without having the records or having had those records reviewed by the sanity commission doctors. As a result, Baggs's due process right not to be tried while legally incompetent, as recognized in *Pate v. Robinson*, 383 U.S. 375 (1966) and related state law, was violated.

On June 30, 2010, the Trial Court ordered that the motion to re-open be construed as an application for post-conviction relief, including a request to withdraw the guilty plea.[20] The State thereafter filed procedural objections to the application, which were denied by the Court.[21]

The Trial Court held a hearing on September 23, 2010, to address the requests to re-open the sanity commission and withdraw the guilty plea.[22] After receipt of post-hearing memoranda,[23] on December 14, 2010, the Trial Court denied the motion to re-open, finding no legal basis to set aside

---

[19]St. Rec. Suppl. Vol. 3 of 3, Motion to Re-Open Sanity Commission (both), 4/7/10.

[20]St. Rec. Suppl. Vol. 3 of 3, Trial Court Order (both), 6/30/10.

[21]St. Rec. Suppl. Vol. 3 of 3, District Attorney's Procedural Objections (both), 8/2/10; Trial Court Order (both), 9/7/10.

[22]St. Rec. Suppl. Vol. 2 of 3, Hearing Minutes (403896), 9/23/10; St. Rec. Suppl. Vol. 1 of 3, Hearing Transcript (403896), 9/23/10; St. Rec. Suppl. Vol. 2 of 3, Hearing Transcript (continued), 9/23/10.

[23]St. Rec. Suppl. Vol. 3 of 3, Memorandum in Support (both), 10/6/10; State's Post-Hearing Memorandum (both), 10/12/10; Reply to State's Response (both), 11/4/10.

the pleas.[24] In support of its decision, the Court referenced the reasons addressing the validity of the guilty pleas as stated in its October 13, 2009 order denying Baggs's prior post-conviction application and the reasons outlined by the State in its post-hearing memorandum filed October 12, 2010.[25] In that memorandum, the State argued that Baggs could not meet his burden of proof under La. Code Crim. P. art. 930.2 because the sanity commission doctors, whose testimony was received at the post-conviction hearing, could not testify to Baggs's mental capacity on the exact date of his plea in 2008, and the law did not require that he be re-evaluated at that time to assure that he was still competent, as he was found to be on February 1, 2008.[26]

On January 6, 2011, Baggs's through counsel filed a motion to convert the already resolved application for post-conviction relief into a request for out-of-time appeal.[27] The Trial Court denied the motion without comment on January, 14, 2011.

On February 25, 2011, Baggs through counsel filed a writ application with the Louisiana First Circuit seeking review of that ruling raising two grounds for relief:[28] (1) the Trial Court erred in finding no legal basis to set aside the pleas where he provided a preponderance of evidence that he was not competent when he waived his rights and entered the plea; and (2) the Trial Court erred

---

[24]St. Rec. Suppl. Vol. 3 of 3, Trial Court Judgment (both), 12/14/10.

[25]*Id.*

[26]St. Rec. Suppl. Vol. 3 of 3, State's Post-Hearing Memorandum (both), 10/12/10.

[27]St. Rec. Suppl. Vol. 2 of 3, Motion to Convert (both), 1/6/11.

[28]St. Rec. Suppl. Vol. 2 of 3, 1st Cir. Writ Application, 2011-KW-0368, 2/25/11.

in failing to find a *Pate* violation where there was sufficient doubt as to his mental competence. The Court denied the application on May 9, 2011, without stated reasons.[29]

Baggs through counsel also filed a writ application with the Louisiana Supreme Court on June 8, 2011, raising three arguments:[30] (1) the Trial Court erred in finding no legal basis to set aside the pleas where he provided a preponderance of evidence that he was not competent when he waived his rights and entered the plea; (2) the Trial Court erred in failing to find a *Pate* violation where there was sufficient doubt as to his mental competence; and (3) the Trial Court erred in considering the hearsay report of Dr. Higgins in denying the application for post-conviction relief in violation of the Confrontation Clause. The Louisiana Supreme Court denied the writ application without comment on March 2, 2012.[31]

## II. Federal Petition and Procedural History

Baggs through counsel filed this federal petition on October 14, 2009, raising the following grounds for relief: (1) ineffective assistance of counsel for (a) failure to present evidence of Baggs's prior medical history or prescription drugs use, (b) failure to recognize that "Baggs was probably not competent," (c) for advising him to accept a plea with two consecutive 10 year sentences, and (d) for not seeking a determination of competency at the time of the offense or on the day of the guilty plea and sentencing; (2) indeterminate sentence based on the consecutive assignment of the sentences at the same time; (3) no opportunity for proportionality assessment where there was no individual appraisal of the appropriateness and proportionality of the sentences; and (4) cumulative

---

[29]St. Rec. Suppl. Vol. 1 of 3, 1st Cir. Order, 2011-KW-0368, 5/9/11.

[30]St. Rec. Suppl. Vol. 1 of 3, La. S. Ct. Writ Application, 11-KP-1191, 6/8/11; St. Rec. Suppl. Vol. 3 of 3, La. S. Ct. Letter, 2011-KP-1191, 6/8/11.

[31]*State v. Baggs*, 83 So.2d 1042 (La. 2012); St. Rec. Suppl. Vol. 1 of 3, La. S. Ct. Order, 2011-KP-1191, 3/2/12.

errors by counsel amount to ineffective assistance of counsel for failure to obtain prior medical records. Baggs also inappropriately lists as issues a request for an evidentiary hearing and for a stay and abeyance because the petition was filed to interrupt limitations.

On February 19, 2010, the respondent filed an answer and memorandum in opposition to Baggs's petition raising his failure to exhaust state court remedies.[32]

Although this was not a mixed petition for purposes of a stay, *Pliler v. Ford*, 542 U.S. 225, 231 (2004), Baggs thereafter moved this Court, without opposition, to stay the federal petition, and the request was granted by the District Judge.[33]

Upon reopening of the case on April 4, 2012, Baggs through counsel moved for leave to file an amended petition based on "developments" and "additional procedural history."[34] By order of the undersigned Magistrate Judge, the motion was granted under the following provisions:[35]

> Nevertheless, the Court finds that it would be beneficial, and not prejudicial, to this proceeding to allow Baggs to amend his original petition to provide a summary of the state post-conviction proceedings and a designation of the particular substantive arguments which have been exhausted and which he now intends to pursue here. Baggs is reminded that the United States Supreme Court has held that an amended habeas petition, which adds discrete claims unrelated to those raised in the original petition, and which is filed after expiration of the federal limitations period, does not relate back to the filing date of the original petition under Fed. R. Civ. P. 15(c). *Mayle* [*v. Felix*], 545 U.S. [644], 662-63 [(2005)]. Because two and one-half years have passed since the filing of his original petition by counsel, Baggs is limited in his presentation of the amended claims by the scope of the claims and arguments already raised in the original petition.

---

[32]Rec. Doc. Nos. 7, 8.

[33]Rec. Doc. Nos. 9, 10.

[34]Rec. Doc. Nos. 11, 12, 15.

[35]Rec. Doc. No. 19.

Contrary to this order, Baggs through counsel filed an amended petition for habeas corpus relief which raises new and distinct claims from those presented in the original petition:[36] (1) Baggs's rights under the Fifth, Sixth and Fourteenth Amendments were violated when the Trial Court accepted his guilty pleas to fourth offense DWI while he was mentally and legally incompetent to proceed; (2) Baggs's rights under the Fifth, Sixth and Fourteenth Amendments were violated when the Trial Court failed to find a *Pate* violation and allowed Baggs to enter a guilty plea where there was sufficient doubt as to his mental competency; and (3) Baggs's rights under the Sixth Amendment were violated when the Trial Court considered the hearsay treatment notes of Dr. Higgins in its denial of Baggs's motion for post-conviction relief.

Baggs makes an attempt to connect these claims to his original petition by stating simply that these new claims are "inherently intertwined with the ineffective assistance of counsel claims."[37] While similar arguments may underlie some of the claims, Baggs did not raise the ineffective assistance of counsel to the state courts to establish their connexity or establish how the errors of the Trial Court in the second round of post-conviction review (*see* Claim No. 3 above) were "inherently intertwined" with trial counsel's performance in the plea process. The Court disagrees with Baggs's vague argument that the claims are so intertwined. Furthermore, his ineffective assistance of counsel claims, if properly raised here and exhausted, could have been addressed by this federal court without the subsequent proceedings.

Baggs efforts to bootstrap new claims into this petition are inappropriate and contrary to the prior order of this Court. In addition, as will be discussed further, Baggs wholly defied the purpose

---

[36]Rec. Doc. No. 20.

[37]Rec. Doc. No. 20, p. 11.

9

of the stay previously sought and granted by the Court in that he failed to exhaust the claims raised in the original petition, which have been incorporated by reference in the superseding amending complaint in the "Statement of Incorporation."[38] *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (amended complaint supersedes original complaint and renders it of no legal effect "unless amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading."). Nevertheless, for reasons of judicial economy, the Court will address the amended petition, which filing was not objected to by the State.

In its supplemental memorandum in opposition to the amended complaint, the State argues that Baggs's has still failed to exhaust state court remedies as to the claims raised in the original petition.[39] The State also addressed the merits of the newly urged claims, which it mistakenly asserts without discussion were exhausted.

### III. General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[40] applies to this petition, which was filed by counsel on October 14, 2009, and amended on May 23, 2012. The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be

---

[38]Rec. Doc. No. 20, p. 4.

[39]Rec. Doc. No. 21.

[40]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

In this case, the State concedes and the record reflects that Baggs's original petition was timely filed.[41] The State correctly concludes that Baggs has never exhausted the four claims raised in the original petition and which are incorporated by reference in the amended petition. The State, however, incorrectly indicates that all of Baggs newly raised claims are exhausted. This apparently was done because the third claim, raising the hearsay/confrontation clause violation, was presented to the state supreme court. This is an incorrect assessment of the law on exhaustion.

As will be further discussed, Baggs has failed to properly exhaust state court remedies as to five of the seven claims now raised to this Court. The exhaustion doctrine requires that Baggs present each of his claims and arguments in a procedurally proper manner to every available level of the state courts. As will be shown, this basic legal premise was overlooked by the State with respect to his hearsay/confrontation clause violation issue. For the following reasons, as partially argued by the State, the Court finds that Baggs has not fully exhausted state court remedies.

## IV. Exhaustion Requirement

As discussed above, the State recognizes that Baggs has failed to exhaust any of the four claims raised in the original petition. The State, however, also resolved that Baggs satisfied exhaustion on his three new claims without discussion or explanation for that conclusion. The Court presumes that the State considered that the three claims were presented to the Louisiana Supreme Court in the post-conviction writ application. This is not the legal requirement of the exhaustion doctrine.

---

[41]The Court notes that claims not related to those raised in the original petition would not relate back to that filing date and would be untimely for purposes of federal review. *Mayle v. Felix*, 545 U.S. 644, 654 (2005).

The State's conclusion in this regard demonstrates a clear misunderstanding of the exhaustion doctrine and unfamiliarity with federal standards of habeas corpus review. *Accord Prieto v. Quaterman*, 456 F.3d 511 (5th Cir. 2006) (*citing Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998)). As will be discussed later, exhaustion requires presentation of each claim and legal theory through each required level of state court review. Baggs did not do this with regard to his third amended claim. Simply presenting a claim to a higher state court does not comply with and is contrary to Louisiana's procedural requirements.

The Court finds that the State inadvertently erred in resolving that Baggs exhausted state court remedies as to the third amended claim, and this error does not constitute a valid or express waiver of exhaustion. The Court therefore expands the exhaustion defense raised by the State to include this additional ground for his failure to exhaust. *McGee v. Estelle*, 722 F. 2d 1206, 1214 (5th Cir. 1984) (*en banc*); *see also*, *Magouirk*, 144 F.3d at 350, 360 (discussing notice and an opportunity to respond to a procedural default including failure to exhaust raised by the court); *see also*, 28 U.S.C. § 2254(b)(3) (the State's failure to raise exhaustion is not a waiver of the defense).

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *Nobles*, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20).

The well-established test for exhaustion requires that the substance of the federal habeas claim be fairly presented to the highest state court. *Whitehead*, 157 F.3d at 387 (citing *Picard v.*

*Connor*, 404 U.S. 270, 275-78 (1971)).  This means that "[s]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement."  *Whitehead*, 157 F.3d at 387 (citing *Picard*, 404 U.S. at 275-78).  "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application."  *Whitehead*, 157 F.3d at 387 (citing *Nobles*, 127 F.3d at 420); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).

For exhaustion purposes, it also is not enough for a petitioner to have raised the claims in the lower state courts if the claims were not specifically presented to the state's highest court.  *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).  Furthermore, a prisoner does not fairly present a claim to the state's highest court if that court must read beyond the petition or brief, such as a lower court opinion, to find a claim not otherwise specifically raised.  *Id.*, at 32.

The record demonstrates that Baggs has presented to this federal court five grounds for relief that were not properly exhausted in the state courts.  A thorough reading of Baggs's state and federal pleadings reveals that his original claims (ineffective assistance of counsel, indeterminate sentence, no opportunity for proportionality assessment, cumulative errors by counsel) have never been presented to any state court.  In spite of this Court's grant of leave to return to do so, Baggs has not exhausted state court remedies on any of these claims.

The record also demonstrates that Baggs did not present his third amended claim (hearsay/confrontation clause violation) to the Louisiana First Circuit on review of the Trial Court's post-conviction order. Instead, it was raised for the first time to the Louisiana Supreme Court.

Under Louisiana law, this type of post-conviction claim is not properly raised in the first instance to the Louisiana Supreme Court. *See* La. Code Crim. P. art. 926(A). A petitioner who bypasses that requirement and asserts a post-conviction claim in the first instance in the state's highest court has not met the federal exhaustion requirement. Such a claim would not have been presented to the Louisiana Supreme Court in a procedurally proper manner. Therefore, that court never had a "fair opportunity" to pass judgment on the claim. *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *see also*, *Morace v. Cain*, 193 F.3d 517, 1999 WL 706167, at *1 (5th Cir. Aug. 20, 1999) (Table, Text in Westlaw); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). This claim is not properly exhausted.

The exhaustion requirement is satisfied when the substance of each claim has been fairly presented to each of the state courts through to the highest court of the state in a procedurally proper manner. *See O'Sullivan*, 526 U.S. at 842; *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). "When a petitioner fails to properly raise his federal claims in state court, he deprives the State of 'an opportunity to address those claims in the first instance' and frustrates the State's ability to honor his constitutional rights." *Cone v. Bell*, 556 U.S. 449, 465 (2009). Baggs failed to exhaust state court remedies as to this claim, and the four original claims, before bringing his claims to this federal court.

The record discloses no good cause for Baggs's failure to properly and fully exhaust each of his claims, and the Court can find none from its review of the record. *Rhines v. Weber*, 544 U.S.

269, 277-78 (2005). Baggs through counsel filed the original federal complaint knowing and conceding that none of the claims urged therein were exhausted in the state courts. *See* Rec. Doc. No. 1, pp. 3, 16. At his repeated urging, Baggs was then granted a stay here so he could return to the state courts with counsel to complete that exhaustion. *Id*.; Rec. Doc. No. 9. Even with this latitude, Baggs acting with counsel made no effort to exhaust the original claims and has not exhausted state court remedies as to all of the new claims raised. Baggs has provided no reason, much less a good reason, for that failure.

In addition, for the reasons discussed above, Baggs' should not be granted an additional stay should one be requested as there has been no showing of good cause to again provide that extraordinary relief. The Supreme Court has held that stay-and-abeyance is an extraordinary remedy not to be made readily available to a habeas petitioner. *Rhines*, 544 U.S. at 278. The *Rhines* Court cautioned that a stay-and-abeyance "should be available only in limited circumstances," (emphasis added), and is appropriate only when the district court determines that there was "good cause" for the failure to exhaust. *Id.*, at 277; *see also*, *Pliler*, 543 U.S. at 233. Stays are also improper when the unexhausted claims are "plainly meritless" or where the petitioner has engaged in "abusive litigation tactics or intentional delay." *Id*. In this instance, no further stay is warranted by the record.

Therefore, Baggs's mixed petition, presenting both exhausted and unexhausted claims, should be dismissed without prejudice to allow him to actually pursue complete exhaustion, unless he chooses to dismiss the unexhausted claims. *Pliler*, 542 U.S. at 233 (quoting *Rose*, 455 U.S. at 510); *Whitehead*, 157 F.3d at 387.

## V.     Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Baggs's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).[42]

New Orleans, Louisiana, this 31st day of August, 2012.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[42]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.