# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURT BAGGS** | **CIVIL ACTION** |
| **VERSUS** | **NO.  09-6808** |
| **TERRY TERRELL, WARDEN ALLEN CORRECTIONAL CENTER** | **SECTION "S"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2).[1]

## I.      Current Status of the Case

On August 31, 2012, the undersigned Magistrate Judge issued a Report and Recommendation in which it was recommended that the federal habeas corpus petition (Rec. Doc. No. 1) and first amended petition (Rec. Doc. No. 20) filed by counsel for the petitioner, Kurt Baggs ("Baggs"), be dismissed without prejudice as presenting mixed claims which were not all exhausted in the state court unless Baggs dismissed the unexhausted claims as addressed in the original Report.[2]  On review of Baggs's objections, and the State's response thereto, on September 24, 2012, the District Judge adopted the Report and Recommendation and ordered that Baggs's unexhausted claims be

---

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 22.

dismissed without prejudice and that the three remaining exhausted claims presented in Baggs's amended complaint be referred to the magistrate judge for further consideration.[3]

Baggs eventually filed a second amended complaint on February 4, 2014, raising only the three exhausted claims as allowed by the District Judge.[4]  Upon receipt of additional briefing and records from the State, the matter is before the Court for review.[5]

## II.   <u>State Factual and Procedural Background</u>

Baggs is a convicted inmate incarcerated in the Allen Correctional Center in Kinder, Louisiana.[6]  Baggs through retained counsel filed this federal petition for habeas corpus challenging two convictions in St. Tammany Parish for fourth offense driving while intoxicated in Case Nos. 403896 and 425694.

In Case No. 403896, Baggs was charged by bill of information on November 2, 2005, with a fourth offense driving while intoxicated which occurred on September 19, 2005.[7]  He was later charged on February 17, 2007, in Case No. 425694 with another fourth offense driving while intoxicated which occurred on January 14, 2007, just three days after his release on bond in the older case.[8]  Baggs entered pleas of not guilty in both cases.[9]

---

[3]Rec. Doc. Nos. 26, 24, 25.

[4]Rec. Doc. No. 27.

[5]Rec. Doc. Nos. 28, 32-35.

[6]Rec. Doc. No. 27, p.4.

[7]St. Rec. Vol. 2 of 4, Bill of Information (403896), 11/2/05 (showing offense date 9/19/05).

[8]St. Rec. Vol. 3 of 4, Bill of Information (425694), 2/14/07 (showing offense date 1/14/07); Ticket, 1/14/07; *see* St. Rec. Vol. 2 of 4, Minute Entry (403896), 1/11/07.

[9]St. Rec. Vol. 2 of 4, Minute Entry (403896), 1/11/07; St. Rec. Vol. 3 of 4, Minute Entry (425694), 2/26/07.

He later withdrew the plea in Case No. 403896 and entered a plea of not guilty and not guilty by reason of insanity.[10]  The Trial Court held a lunacy hearing on August 20, 2007, in connection with both cases to determine Baggs's competence to proceed and assist with his defense.[11]  Based on the stipulated reports of the lunacy commission doctors, the court found that Baggs was not competent at that time to proceed in either case and ordered that he be held for further treatment and evaluation for ninety (90) days.[12]

Thereafter, on December 4, 2007, the court held a review hearing of both cases at which time it ordered that Baggs be re-evaluated by the lunacy commission doctors.[13]  At the lunacy review hearing held February 1, 2008, the parties stipulated to the panel doctors' reports, and the court found Baggs competent to proceed with trial.[14]

After several months of proceedings on other pretrial motions, on October 13, 2008, Baggs withdrew his former pleas and entered pleas of guilty in both cases.[15]  After waiver of legal delays, he was sentenced that day to serve consecutive sentences of ten (10) years in prison at hard labor in each case and without benefit of parole, probation or suspension of sentence.[16]

---

[10]St. Rec. Vol. 2 of 4, Minute Entry (403896), 5/14/07.

[11]St. Rec. Vol. 2 of 4, Hearing Minutes (403896), 8/20/07; St. Rec. Vol. 3 of 4, Hearing Minutes (425694), 8/20/07.

[12]St. Rec. Vol. 2 of 4, Hearing Minutes (403896), 8/20/07; St. Rec. Vol. 3 of 4, Hearing Minutes (425694), 8/20/07.

[13]St. Rec. Vol. 2 of 4, Minute Entry (both), 12/4/07; St. Rec. Vol. 3 of 4, Minute Entry (both), 12/4/07.

[14]St. Rec. Vol. 2 of 4, Hearing Minutes (both), 2/1/08; St. Rec. Vol. 3 of 4, Hearing Minutes (both), 2/1/08.

[15]St. Rec. Vol. 2 of 4, Plea Minutes (403896), 10/13/08; St. Rec. Vol. 3 of 4, Plea Minutes (425694), 10/13/08; St. Rec. Suppl. Vol. 3 of 3, Plea Transcript (both), 10/13/08.

[16]St. Rec. Vol. 2 of 3, Plea Minutes (403896), 10/13/08; Plea Transcript (both), p. 66, 10/13/08; St. Rec. Vol. 1 of 3, Plea Minutes (425694), 10/13/08.

Baggs's convictions became final 30 days later, on November 12, 2008, because he did not seek reconsideration of the sentence or file an appeal.  La. Code Crim. P. art. 914;[17] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("'[A] conviction becomes final when the time for seeking further direct review in the state court expires.'") (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)).

Eleven months later, on October 13, 2009, Baggs's counsel filed an application for post-conviction relief under both case numbers requesting an evidentiary hearing and asserting that trial counsel was ineffective for failing to obtain Baggs's medical and psychiatric records for the sanity commission to review and for counseling Baggs to plead guilty.[18]  His counsel did not present any supporting arguments for this claim and instead argued that the record required further development and a hearing before the claims could be briefed.  Counsel also indicated that the state application was filed to interrupt the federal habeas limitations period.  The record does not reflect that counsel filed a supplement to the application or other support for the claim itself.  The next day, however, Baggs's counsel did file the instant federal habeas corpus petition as will be further discussed later in this report.

On November 20, 2009, the state trial court denied relief finding that Baggs failed to meet his burden of proof regarding the ineffective assistance of counsel claim, and in its review, found no basis in the record to support the claim under the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), and related state law.  The court also outlined the procedural protections

---

[17]Louisiana law requires a criminal defendant to move for leave to appeal within thirty(30) days of the order or judgment that was being appealed or of a ruling on a timely motion to reconsider a sentence. La. Code Crim. P. art. 914 (as amended La. Acts 2003, No. 949, § 1).  Failure to move timely for appeal under Art. 914 rendered the conviction and sentence final at the expiration of that period. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985).

[18]St. Rec. Vol. 2 of 3, Application for Post-Conviction Relief (both), 10/13/2009.

afforded to Baggs during the plea proceedings and found the plea to have been constitutionally entered.[19]  Notice of the judgment was sent to counsel by the clerk of that court on December 3, 2009.[20]  Baggs did not seek further review of this ruling in the higher state courts.

Over two months later, on February 23, 2010, counsel filed a motion with the Trial Court seeking to have the November 20, 2009 judgment re-issued alleging that the defense had not received a copy of the order.[21]  The Trial Court granted the request.[22]  In spite of this, Baggs still did not pursue further review of the Trial Court's November 20, 2009 ruling.

Instead, six weeks later, Baggs through counsel returned to the Trial Court to file a motion seeking to re-open the sanity commission and to allow him to withdraw the plea.[23]  Baggs argued that the sanity commission made its recommendation of competency to the Trial Court without having received and reviewed Baggs's prior psychiatric records.  Baggs also claimed that he was on psychotropic medication on the day of his guilty plea which altered his ability to enter a knowing and voluntary plea.  He further argued that the Trial Court was unable to fully investigate and evaluate his competence without having the records or having had those records reviewed by the sanity commission doctors.  As a result, Baggs claimed that his due process right not to be tried while legally incompetent, as recognized in *Pate v. Robinson*, 383 U.S. 375 (1966) and related state law, was violated.

---

[19]St. Rec. Vol. 2 of 3, Trial Court Judgment, 11/20/09.

[20]St. Rec. Vol. 2 of 4, Notice of Judgment, 12/3/09.

[21]St. Rec. Vol. 2 of 4, Motion to Re-Issue Judgment (both), 2/23/10.

[22]St. Rec. Vol. 2 of 4, Trial Court Order, 3/2/10.

[23]St. Rec. Vol. 2 of 4, Motion to Re-Open Sanity Commission (both), 4/7/10.

On June 30, 2010, the Trial Court ordered that the motion to re-open be construed as an application for post-conviction relief, including a request to withdraw the guilty plea, and ordered a response from the State.[24] The State thereafter filed procedural objections to the application, which were overruled by the court and the matter was set for hearing.[25]

The Trial Court held the hearing on September 23, 2010, to address the issues raised by Baggs.[26] After receipt of post-hearing memoranda,[27] on December 14, 2010, the Trial Court denied the motion to re-open finding no legal basis to set aside the pleas.[28] In support of its decision, the court referenced and adopted the reasons addressing the validity of the guilty pleas set forth in its October 13, 2009 order denying Baggs's prior post-conviction application and the reasons outlined by the State in its post-hearing memorandum filed October 12, 2010.[29] In that memorandum, the State argued that Baggs could not meet his burden of proof under La. Code Crim. P. art. 930.2 because the sanity commission doctors, whose testimony also was received at the post-conviction hearing, could not testify to Baggs's mental capacity on the exact date of his plea in 2008, and the law did not require that he be re-evaluated before the plea.[30]

---

[24]St. Rec. Vol. 2 of 4, Trial Court Order (both), 6/30/10.

[25]St. Rec. Vol. 2 of 4, State's Objections (both), 8/2/10; Trial Court Order (both), 9/7/10.

[26]St. Rec. Vol. 2 of 4, Hearing Minutes (403896), 9/23/10; St. Rec. Vol. 4 of 4, Hearing Transcript (403896), 9/23/10.

[27]St. Rec. Vol. 2 of 4, Memorandum in Support (both), 10/6/10; State's Post-Hearing Memorandum (both), 10/12/10; Reply to State's Response (both), 11/4/10.

[28]St. Rec. Vol. 2 of 4, Trial Court Judgment (both), 12/14/10.

[29]*Id*.

[30]St. Rec. Suppl. Vol. 3 of 3, State's Post-Hearing Memorandum (both), 10/12/10.

On January 6, 2011, Baggs's counsel filed a motion to convert the already resolved motion to re-open/application for post-conviction relief into a request for an out-of-time appeal of the underlying convictions.[31]  The Trial Court denied the motion without comment on January, 14, 2011.[32]

After several extensions of time,[33] on February 25, 2011, Baggs through counsel filed a timely writ application with the Louisiana First Circuit seeking review of the Trial Court's denial of post-conviction relief asserting two grounds for relief:[34] (1) the Trial Court erred in finding no legal basis to set aside the pleas where Baggs provided a preponderance of evidence that he was not competent when he waived his rights and entered the plea; and (2) the Trial Court erred in failing to find a *Pate* violation where there was sufficient doubt as to Baggs's mental competence.  In a supplemental brief, Baggs added that the Trial Court erred when it considered the hearsay notes of the prison psychiatrist, Dr. Higgins, in its denial of post-conviction relief.[35]  The Louisiana First Circuit denied the application on May 9, 2011, without stated reasons.[36]

Baggs through counsel also filed a writ application with the Louisiana Supreme Court on June 8, 2011, raising the same three arguments:[37] (1) the Trial Court erred in finding no legal basis

---

[31]St. Rec. Vol. 3 of 4, Motion to Convert (both), 1/6/11.

[32]St. Rec. Vol. 3 of 4, Trial Court Order, 1/14/11.

[33]The record reflects that the Trial Court granted several extensions of the thirty-day return date allowed under La. App. R. 4-3.  *See* St. Rec. Vol. 4 of 4, Trial Court Order, 1/14/11; Trial Court Order(2), 1/14/11; Trial Court Order, 2/10/11.

[34]St. Rec. Vol. 4 of 4, 1st Cir. Writ Application, 2011-KW-0368, 2/25/11.

[35]St. Rec. Vol. 4 of 4, 1st Cir. Supplement, 2011-KW-0368, dated by counsel 4/14/11.

[36]St. Rec. Vol. 2 of 4, 1st Cir. Order, 2011-KW-0368, 5/9/11.

[37]St. Rec. Vol. 4 of 4, La. S. Ct. Writ Application, 11-KP-1191, 6/8/11.

to set aside the pleas where he provided a preponderance of evidence that he was not competent when he waived his rights and entered the plea; (2) the Trial Court erred in failing to find a *Pate* violation where there was sufficient doubt as to his mental competence; and (3) the Trial Court erred in considering the hearsay report of Dr. Higgins in denying the application for post-conviction relief in violation of the Confrontation Clause.  The Louisiana Supreme Court denied the writ application without comment on March 2, 2012.[38]

## III.   Federal Procedural History and Remaining Claims

Baggs retained counsel filed the original federal petition in this case on October 14, 2009, with a first amended complaint filed May 23, 2012.[39]  As briefly summarized previously, the prior orders of the Court have culminated in Baggs's assertion of three exhausted claims reiterated in his second amended complaint:[40]  (1) the Trial Court erred in finding no legal basis to set aside the pleas where Baggs provided a preponderance of evidence that he was not competent when he waived his rights and entered the plea; (2) the Trial Court erred in failing to find a *Pate* violation where there was sufficient doubt as to his mental competence at the time of the plea; and (3) the Trial Court erred in considering the hearsay report of Dr. Higgins in denying the application for post-conviction relief in violation of the Confrontation Clause.

On April 7, 2014, the State filed an answer and memorandum in opposition to Baggs's second amended petition arguing that the amended claims were untimely raised and the amended

---

[38]*State v. Baggs*, 83 So.2d 1042 (La. 2012); St. Rec. Vol. 2 of 4, La. S. Ct. Order, 2011-KP-1191, 3/2/12.

[39]Rec. Doc. Nos. 1 and 20.

[40]Rec. Doc. No. 27.

petition constituted a prohibited second or successive petition.[41]  Alternatively, the State argues that the remaining claims are without merit and fail to present a basis for federal habeas relief.

## IV.     General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[42] applies to this petition where the original petition and two supplemental petitions were filed by counsel after its effective date.  The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

In this case, the Court has resolved the exhaustion defense previously raised by the State. The State also concedes and the record reflects that Baggs's original petition was timely filed and his three new claims currently before the Court were exhausted and are not in state imposed procedural default.  However, the State questions this Court's jurisdiction over the new "successive" claims and argues that the new claims are untimely brought to this federal court.

The Court has thoroughly reviewed the record and finds that, based on the various notice errors and filing extensions granted by the state trial court, the record does not reflect that Baggs or his counsel allowed more than one-year from finality of his conviction or discovery of the factual predicate for his claims to expire before filing his 2009 habeas corpus petition in this Court.

---

[41]Rec. Doc. Nos. 32, 33.

[42]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

Because of the multiple extensions allowed in the state courts, the interruption of the federal filing period continued throughout the years until 2012, when the first amended complaint was filed raising the current three issues.  For this reason, and considering the basis for the claims here, the claims were still timely presented in their own right.  In other words, Baggs's counsel's perpetual and overlapping filings in state court, coupled with the liberal extensions granted by the state trial court, appear to have tolled (or at least equitably tolled) whatever time may have arguably enured against his federal limitations period even after that initial federal petition was filed here and then stayed.  As such, this Court has jurisdiction to consider the claims which must be considered timely filed within the same federal proceeding.  For these reasons, the Court will consider the substance of Baggs's claims.

## V.      Standards of a Merits Review

The AEDPA standard of review is governed by § 2254(d) and the Supreme Court's decision in *Williams v. Taylor*, 529 U.S. 362 (2000).  It provides different standards for questions of fact, questions of law, and mixed questions of fact and law.

A state court's determinations of questions of fact are presumed correct and the Court must give deference to the state court findings unless they were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d)(2) (2006); *see Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001).  The amended statute also codifies the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption.  28 U.S.C. § 2254(e)(1) (2006).

A state court's determination of questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1), as amended by the AEDPA.  The standard provides that deference be given to the state court's decision unless the decision is "contrary to, or involves an unreasonable application of clearly established federal law" as determined by the United States Supreme Court. *Hill*, 210 F.3d at 485 (quoting 28 U.S.C. § 2254(d)(1)) (internal quotation marks omitted).  The "critical point" in determining the Supreme Court rule to be applied "is that relief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question." *White v. Woodall*, __ U.S. __, 134 S. Ct. 1697, 1706-07 (2014) (citing *Harrington v. Richter*, 562 U.S. 86, __, 131 S. Ct. 770, 787 (2011)).  "Thus, 'if a habeas court must extend a rationale before it can apply to the facts at hand,' then by definition the rationale was not 'clearly established at the time of the state-court decision.'" *White*, 134 S. Ct. at 1706 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 666 (2004)).

A state court's decision can be "contrary to" federal law if: (1) the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law; or (2) the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams*, 529 U.S. at 405-06, 412-13; *Penry v. Johnson*, 532 U.S. 782, 792-93 (2001); *Hill*, 210 F.3d at 485.  A state court's decision can involve an "unreasonable application" of federal law if it correctly identifies the governing rule but then applies it unreasonably to the facts. *White*, 134 S. Ct. at 1706-07; *Williams*, 529 U.S. at 406-08, 413; *Penry*, 532 U.S. at 792.

The Supreme Court in *Williams* did not specifically define "unreasonable" in the context of decisions involving unreasonable applications of federal law. *See Williams*, 529 U.S. at 410.  The

Court, however, noted that an unreasonable application of federal law is different from an incorrect application of federal law. *Id.* "'[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly.'" *Price v. Vincent*, 538 U.S. 634, 641 (2003) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002)) (brackets in original); *Bell v. Cone*, 535 U.S. 685, 699 (2002).

Thus, under the "unreasonable application" determination, the Court need not determine whether the state court's reasoning is sound, rather "the only question for a federal habeas court is whether the state court's determination is objectively unreasonable." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002). The burden is on the petitioner to show that the state court applied the precedent to the facts of his case in an objectively unreasonable manner. *Price*, 538 U.S. at 641 (quoting *Woodford*, 537 U.S. at 24-25); *Wright v. Quarterman*, 470 F.3d 581, 585 (5th Cir. 2006). In addition, review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1398 (2011).

## VI.    State Trial Court Erred When It Failed to Grant Relief On Post-Conviction Motion to Reopen (Claim No. 1)

Baggs argues that the state trial court erred in failing to grant relief on his motion to reopen the sanity commission where he presented adequate evidence of the likelihood of his mental incompetence at the time of his guilty plea. He argues that he had been diagnosed with a mental illness that was not fully disclosed to the commission doctors, he was under a change of medication during the period between his lunacy hearing and the plea, and he was not being properly or continually monitored for his mental disorder.

As a result, Baggs claims that the state trial court improperly denied his motion to reopen, which was construed as an application for post-conviction relief, and erred in failing to accept the

new evidence of Baggs's competence at the time of the plea.  However, a state court's denial of that type of post-trial motion does not itself violate a federal constitutional right.  *Haygood v. Quarterman*, 239 F. App'x 39, 42 (5th Cir. 2007) (citing *Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991)).  A federal court does "not sit as [a] 'super' state supreme court in a habeas corpus proceeding to review errors under state law."  *Wilkerson v. Whitley*, 16 F.3d 64, 67 (5th Cir. 1994) (citation and quotation omitted); *see Swarthout v. Cooke*, 562 U.S. 216, __, 131 S. Ct. 859, 861 (2011) ("[F]ederal habeas corpus relief does not lie for errors of state law." (quoting *Estelle v. McGuire*, 502 U.S. 62, 67(1991)).

"Errors of state law and procedure . . . are not cognizable unless they result in the violation of a federal constitutional right."  *Lee v. Whitley*, 29 F.3d 623, 1994 WL 395071, at *3 (5th Cir. June 28, 1994) (Table, Text in Westlaw) (finding judge's purported violation of state law in failing to inform the petitioner of his right against self-incrimination in the habitual offender proceeding was not cognizable in a federal habeas corpus proceeding); *see also*, *Payne v. Whitley*, 48 F.3d 529, 1995 WL 84049, at *2 (5th Cir. Feb. 6, 1995) (Table, Text in Westlaw); *Odom v. Wheat*, No. 09-3028, 2009 WL 3199178, at *6 (E.D. La. Sept. 30, 2009) (order adopting report).  It is, therefore, well settled that "infirmities in State habeas proceedings do not constitute grounds for relief in federal court."  *Rudd v. Johnson*, 256 F.3d 317, 319 (5th Cir. 2001).  An attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself, which is the issue to be addressed in federal habeas cases.  *Id*., at 320; *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999); *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 402-403 (2001) (stating there is no constitutional mandate that states provide post-conviction review) (citing

*Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987) (no constitutional right to state post-conviction review)).

This Court, therefore, will not review a claim of error by the trial court that is not otherwise reviewable under federal law.  In addition, to the extent Baggs addresses his proof of competence at the time of the plea within this claim, his arguments are repetitive of the matters to be considered and reviewed under federal law with respect to the second claim listed in his petition as addressed in the following section of this Report.  That is, the viability of his claim of a constitutionally infirm plea will be addressed in the following section.  Nevertheless, this claim of abuse of the state trial court's decision making powers, as presented by counsel, in a post-conviction proceeding does not itself invoke federal habeas review.  The claim is dismissed.

**VII.**   **State Trial Court Failed to Conduct a *Pate* Inquiry at the Time of the Plea**

Under this issue, Baggs argues that the state trial court should not have accepted his plea of guilty where there was no proper inquiry into his mental capacity and the court should have questioned his competence knowing that there was evidence of his past mental health care, which was not considered by the sanity commission or the court, all in violation of the rule set forth in *Pate*.

As outlined previously, Baggs's first state court application for post-conviction relief questioned the failure of the sanity commission to review his prior mental health records before concluding that he was competent to proceed.  This argument was couched in terms of an unsuccessful ineffective assistance of counsel claim, one that was never exhausted.

Baggs again urged this issue in his motion to re-open the sanity commission which was construed by the state trial court as a second application for post-conviction relief.  Here for the first

time, Baggs through counsel argued that newly obtained opinions from various medical care professionals, including Drs. Thompson and Salcedo, would demonstrate the high probability that Baggs may not have been competent on October 13, 2008, when he entered his plea of guilty over ten (10) months after the commission and the state trial court found him competent to assist in his defense.  As expressed above, Baggs also argued that he had a diagnosed mental illness that was not fully disclosed to the commission doctors, he was under a change of medication during the period between his lunacy hearing and the plea that would have hindered his mental capacity, and he was not being properly or continually monitored for his mental disorder at the time of the plea.  Baggs further argued that the state trial court was under a state-law imposed duty to investigate his competence before accepting the plea.

After further briefing and a full evidentiary hearing, the state trial court denied relief adopting and citing to its prior post-conviction opinion, which found the guilty plea to be constitutionally sound, and the State's opposition memorandum, which established in part that the doctors could not testify on post-conviction review as to Baggs's actual mental state at the time of the plea.  This was the last reasoned state court opinion on the issue.

The validity of a guilty plea is a question of law, although historical facts are entitled to a presumption of correctness.  *See Parke v. Raley*, 506 U.S. 20, 35 (1992) (citing *Marshall v. Lonberger*, 459 U.S. 422, 431 (1983)); *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000) (citing *United States v. Amaya*, 111 F.3d 386, 388 (5th Cir. 1997)); *Barnes v. Johnson*, 160 F.3d 218, 222 (5th Cir. 1988).  The Court must therefore determine if denial of relief was contrary to, or an unreasonable application of, federal law.

The United States Constitution prohibits the trial and conviction of a criminal defendant who is mentally incompetent to assist with his defense. *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996); *Drope v. Missouri*, 420 U.S. 162, 171-172 (1975); *Pate*, 383 U.S. at 378; *Carter v. Johnson*, 131 F.3d 452, 459 (5th Cir. 1997).  The competency standard for pleading guilty considers whether the defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and a "rational as well as factual understanding of the proceedings against him." *Godinez v. Moran*, 509 U.S. 389, 396 (1993) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)).  If there is any doubt as to the defendant's mental state during the guilty plea hearing, the trial court must conduct an inquiry as to competence. *Pate*, 383 U.S. at 385.

As a threshold matter, a petitioner in a habeas proceeding who claims that he was incompetent at the time of his plea must first present "meaningful evidence" of mental incompetence at the time of the plea. *See Demosthenes v. Baal*, 495 U.S. 731, 736 (1990) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 166 (1990)).  He must present facts "sufficient to <u>positively</u>, <u>unequivocally</u> and <u>clearly</u> generate a <u>real</u>, <u>substantial</u> and <u>legitimate</u> doubt" as to his mental competency at the time of the plea. *Dunn v. Johnson*, 162 F.3d 302, 306 (5th Cir. 1998) (emphasis added) (quoting *Washington v. Johnson*, 90 F.3d 945, 950 (5th Cir. 1996)); *Goynes v. Dretke*, 139 F. App'x 616, 619 (5th Cir. 2005).

In determining whether there is sufficient evidence to have required the state trial court to evaluate mental competence, the federal courts focus on three factors: (1) the existence of a history of irrational behavior; (2) the petitioner's demeanor during the court proceedings; and (3) prior medical opinions regarding his competence. *Mathis v. Dretke*, 124 F. App'x 865, 875 (5th Cir. 2005); *United States v. Williams*, 819 F.2d 605, 608 (5th Cir. 1987).  The test on collateral review

is "whether, in light of what was <u>then</u> known, the failure to make further inquiry into petitioner's competence to stand trial, denied him a fair trial." *Drope*, 420 U.S. at 174-75 (emphasis added) .

Baggs references his prior mental health records in an effort to show that he <u>may</u> not have had a full understanding of his available defenses when he entered the guilty plea in October of 2010. He has not, on the other hand, presented any definitive evidence of a mental incapacity at the time of the plea that would "generate a <u>real</u>, <u>substantial</u> and <u>legitimate</u> doubt" as to his understanding of his rights and waivers thereof.

Dr. John Thomas, a doctor of medicine who had been on the sanity commission, was called by the defense at the state post-conviction hearing. His testimony reflects that he knew about Baggs's diagnosed mental condition, schizophrenia or schizoaffective disorder, and relied on that information in conducting the competency evaluations.[43] He also was clear that the diagnosed condition did <u>not</u> equate to incompetence.[44] He stated that, on the two occasions he examined Baggs prior to the plea, he found Baggs first marginally competent and then competent under the requisite criteria used at the time.[45] Dr. Thomas also testified that it was his opinion that the psychiatric medication Baggs was prescribed at the time of the plea aided him and did not detrimentally effect his competence.[46]

---

[43]St. Rec. Vol. 4 of 4, Hearing Transcript, pp. 15, 19, 9/23/10.

[44]*Id*., pp. 15, 19.

[45]*Id.*, pp. 17-18.

[46]He did note that the pain medication may have made him sleepy but he had no evidence that it did.

Dr. Charles Schaff, a doctor of pharmacology called by the defense, was found unqualified to testify regarding how any of Baggs's medications specifically effected him.[47]  He was only allowed to testify regarding the known, potential side-effects attributed to the medication prescribed. He also had never consulted with Baggs, dispensed medicine to Baggs, nor could he confirm that Baggs actually took the medications prescribed to him by the medical doctors.[48]

In his testimony, Dr. Salcedo, a doctor of psychology (Ph.D.) without the license to prescribe medication, also confirmed that, although he did not have Baggs's medical and social security records at the time, he was aware of his prior diagnosis and assessed Baggs based on that information.[49]  He also noted that any reference in his notes to Baggs's medication making him "look dazed" was not his assessment; instead, he indicated that the statement was made by Baggs as an excuse for why he may be presumed intoxicated when he is stopped by police.  Dr. Salcedo offered no testimony directed at Baggs's actual mental capacity at the time of the plea and instead deferred to the symptom notes taken days before the plea by the psychiatrist (Dr. Higgins) at the prison.[50]  In fact, after considering the discernable portions of the prison psychiatric records, Dr. Salcedo repeated "as I testified earlier I don't know what his competency status was on the day that he entered the plea."  He went on to state that any "conclusions" he reached after reviewing the other medical records in 2010 were merely "hypothetical."[51]

---

[47]*Id.*, pp. 35-38.

[48]*Id.*, pp. 46-48, 50, 52.

[49]*Id.*, p. 69.

[50]*Id.*, pp. 87-89.

[51]*Id.*, p. 103.

Based on a thorough review of the testimony received at the post-conviction hearing held by the state trial court, the records and evidence do not meet the level of generating "a <u>real</u>, <u>substantial</u> and <u>legitimate</u> doubt" about Baggs's competence on the day of his guilty plea.  As proposed by Dr. Thomas and Dr. Salcedo, any suggestion as to Baggs's incompetence on the day of the plea would be hypothetical and speculative.  Consistent with their statements, federal law recognizes that "the forensic test for competency does not require that the person be free of psychotic illness or psychiatric problems," and "[m]ental illness is not equivalent to incompetency." *Colburn v. Cockrell*, 37 F. App'x 90, 2002 WL 1021891, at *6 (5th Cir. May 9, 2002).  Baggs has not established a basis for any court to legitimately doubt his competence at the time of his plea. The state courts factual findings in this regard are entitled to the deference allowed under the AEDPA.

Baggs also made no showing that there was any basis on the day of the plea that should have caused the state trial court to question his competence.  The transcript of the plea does not reflect anything that should have triggered the state trial court to have questioned Baggs's understanding or ability to enter the plea.  Without something more than conclusory conjecture, Baggs has failed to establish a basis to have questioned his competence at the plea hearing.

Furthermore, as resolved by the state courts, the plea colloquy was sufficient to support acceptance of the plea as knowing and voluntary.  "A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently."  *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000).  A plea therefore "is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'"  *Bousley v. United States*, 523 U.S. 614, 618 (1998) (quoting *Brady v. United States*,

397 U.S. 742, 748 (1970)).  Thus, a prisoner generally may not "collaterally attack a voluntary and intelligent" plea.  *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991).

"The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'"  *Fisher v. Wainwright*, 584 F.2d 691, 693 (5th Cir. 1978) (quoting *Brady*, 397 U.S. at 749).  Pleas are involuntary when induced by threats, improper promises, deception, or misrepresentation.  *See Amaya*, 111 F.3d at 389.  Therefore, "[i]f a defendant understands the charges against him, understands the consequences of [the] plea, and voluntarily chooses to plead . . . without being coerced to do so, the . . . plea . . . will be upheld on federal review."  *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (en banc), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981).

A plea qualifies as intelligently given when the criminal defendant enters it after receiving "'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'"  *Bousley*, 523 U.S. at 618 (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)).  "To be knowing and intelligent, the defendant must have 'a full understanding of what the plea connotes and of its consequences.'"  *Hernandez*, 234 F.3d at 255 (quoting *Boykin*, 395 U.S. at 244).  Louisiana law follows these same directives in its statutory requirements under the provisions of La. Code Crim. P. art. 556.1 regarding guilty pleas to a felony.[52]  Thus, Baggs's plea

---

[52]For example, La. Code Crim. P. art. 556.1(A) provides in relevant part as follows:

A.   In a felony case, the court shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:

(1)   The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.  [. . .]

(3)   That he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself.

(4)   That if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial.

is valid if he understood the nature of the constitutional protections being waived, the charges against him, and his sentencing exposure.  *See James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995) (citing *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976)).

The record reflects that Baggs, after being placed under oath, understood the proceedings, the waivers he made, the confession of guilt to the charges, and the negotiated sentence:[53]

> THE COURT:　　　　Mr. Baggs, your attorney has indicated to the court that you wish to withdraw your previously entered not guilty pleas and tender pleas of guilty as charged at this time subject only to a sentence bargain with the court.  And is that correct, Mr. Carollo?
>
> MR. CAROLLO:　　　Yes, your Honor.
>
> THE COURT:　　　　Is that what you want to do Mr. Baggs?
>
> MR. BAGGS:　　　　Yes, ma'am.
> 　　　　　　　　　　　[. . .]
> THE COURT:　　　　Are you presently under the influence of alcohol, drugs or any medication that would affect your thinking?
>
> MR. BAGGS:　　　　No, ma'am.
> THE COURT:　　　　And do you understand what's going on right now?
>
> MR. BAGGS:　　　　Yes, ma'am.
>
> THE COURT:　　　　And have you discussed the charges against you and the consequences of those charges with your lawyer?
>
> MR. BAGGS:　　　　Yes, ma'am.
>
> THE COURT:　　　　Has he explained to you your Constitutional right to a trial and other associated Constitutional rights which you have?
>
> MR. BAGGS:　　　　Yes, ma'am.
>
> THE COURT:　　　　Has he answered all of your questions to your satisfaction?
>
> MR. BAGGS:　　　　Yes, ma'am.

---

[53]St. Rec. Vol. 2 of 4, Plea Transcript, p. 29 *et seq.*, 10/13/08.

THE COURT:          And are you satisfied with his services?

MR. BAGGS:          Yes, ma'am.

The court went on to discuss with Baggs the specific DWI charges against him, including the definition and elements of the crimes.  The court outlined the possible minimum and maximum penalties for fourth offense DWI, the charges to which he entered the plea.  To each, Baggs acknowledged his understanding.

As the colloquy continued, the court went through each of the rights being waived, including the right to remain silent, the right to a trial by a jury, the right to have the State prove guilt, the right to call, confront and cross-examine witnesses, and the right to appeal.[54]  To each question of willingness to give up these rights, Baggs answered "Yes, ma'am."  Baggs also denied being threatened, coerced, pressured, or intimidated to enter the plea.[55]

The court also explained to Baggs that it would sentence him to serve consecutive sentences of ten (10) years in jail on each charge without benefit of parole, probation, or suspension of sentence.[56]  He agreed that he understood and had been told this by his counsel.  He indicated that he had no questions and that he understood everything discussed with him.  The court again asked him if he understood the rights he was waiving and he again said "Yes, ma'am."[57]

Contrary to Baggs's arguments, the record is eminently clear that the constitutional requirements for a knowing and voluntary plea were fully met.  Baggs knew he was pleading guilty to two counts of fourth offense DWI and that he would receive a lighter sentence without a multiple

---

[54]*Id.*, pp. 35-42.

[55]*Id.*, p. 55.

[56]*Id.*, p. 56.

[57]*Id.*, p. 57.

bill, which is the sentence he is now serving.  He acknowledged before the Trial Court all of the elements of his crimes, the consequences of his plea, and the free waiver of his constitutional rights.

For the foregoing reasons, Baggs has failed to establish any basis for the state courts to have questioned his mental competence to enter the plea, and the record reflects that the plea was knowingly and voluntarily entered with full protections required under Supreme Court precedent. The denial of relief by the state courts was not contrary to, or an unreasonable application of, federal law.  Baggs is not entitled to relief on this issue.

## VIII.   Hearsay Evidence During Post-Conviction Proceedings (Claim No. 3)

In his final issue before the Court, Baggs contends that the Trial Court erred in allowing the State to introduce through a lay witness at the post-conviction hearing the hearsay evidence of Dr. Higgins's (the prison, treating physician) treatment notes during the period after Baggs was found competent and just days before the entry of his guilty plea.  Baggs contends that this violates his right to confrontation and the Supreme Court's holdings in *Crawford v. Washington*, 541 U.S. 36 (2004)[58] and *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009).[59]

The record reflects that during the post-conviction evidentiary hearing, Dr. Salcedo was unable to decipher most of the handwritten notes of Dr. Higgins, the prison psychiatrist.  An employee of the prison medical department, Susan Johanssen, was called by the State to read the notes aloud where possible.  Baggs's counsel did not specifically object to her testimony but inquired as to the scope for which she was being called.  Counsel agreed to allow her to read what

---

[58]In *Crawford*, the Supreme Court held that out-of-court testimonial statements by witnesses are barred, under the Confrontation Clause, unless the witnesses are unavailable and defendants had prior opportunity to cross-examine witnesses, regardless of whether such statements are deemed reliable by court.

[59]In *Melendez-Diaz* the Court held that "before the results of a scientific test may be introduced into evidence, the defendant has the right to confront the analyst."  *Id.*, at 332.

she could without interpreting the doctor's notes.[60]  The transcript reflects that she had little more success in reading the handwritten material than did Dr. Salcedo.  The higher state courts, without stated reasons, denied relief on the issue of error through the introduction of the reports through Johanssen.

As noted above, federal habeas courts do not sit to review an error or question of state law where the trial error does not violated a federal constitutional right.  *Estelle*, 502 U.S. at 67-68 ; *Gochicoa v. Johnson*, 118 F.3d 440, 446 (5th Cir. 1997).  Baggs, however, has not asserted a <u>trial</u> error for this Court to review.  His claim here does not arise from his pretrial, trial or plea proceedings.  These hearsay evidence arguments arise from his state post-conviction proceedings.  Baggs, acting through counsel, points to absolutely <u>no</u> Supreme Court precedent (and this Court finds none) that supports the extension of the Confrontation Clause protections, or the holdings under *Crawford* or *Melendez-Diaz*, to a state (or federal) post-conviction proceeding.  *Cf. United States v. Hayman*, 342 U.S. 205, 222-23 (1952) ("Unlike the criminal trial where the guilt of the defendant is in issue and his presence is required by the Sixth Amendment, a proceeding under Section 2255 is an independent and collateral inquiry into the validity of the conviction. Whether the prisoner should be produced depends upon the issues raised by the particular case."); *Burgess v. King*, 130 F.2d 761, 762 (8th Cir. 1942) ("The constitutional right of an accused to be confronted with the witnesses against him is applicable only to criminal proceedings, and hence, it can not be claimed that the petitioner had the right of confrontation [in post-conviction proceedings].")

The Supreme Court, instead, has referred to a criminal defendant's Confrontation Clause rights as being a "trial right."  *See Pennsylvania v. Ritchie*, 480 U.S. 39, 52 (1987) ("The opinions

---

[60]St. Rec. Vol. 4 of 4, Hearing Transcript, pp. 90-91, 93-94, 9/23/10.

of this Court show that the right to confrontation is a *trial* right, designed to prevent improper restrictions on the types of questions that defense counsel may ask during cross-examination." (emphasis in original)); *see also*, *Barber v. Page*, 390 U.S. 719, 725 (1968) ("The right to confrontation is basically a trial right.").  Because the right to confront and cross-examine witnesses under the Confrontation Clause is a trial right, it does not apply to other court proceedings, including post-conviction motions, that are not part of the trial of guilt (or in this case plea proceedings).  *See Penton v. Kernan*, 528 F. Supp. 2d 1020, 1037 (S.D. Cal. 2007); *see also*, *Stevens v. Maloney*, 32 F. Supp. 2d 478, 482-83 (D. Mass. 1998) (rejecting habeas petitioner's claim that he was denied the right of confrontation when he was denied the right to cross-examine the victim at a post-conviction hearing for a motion for a new trial).

The lack of Supreme Court precedent directing application or extension of the Confrontation Clause, or the holdings in *Crawford* or *Melendez-Diaz*, to post-conviction proceedings is devastating to Baggs pursuit of federal habeas relief.  "If [the Supreme Court] has not broken sufficient legal ground to establish an asked-for constitutional principle, the lower federal courts cannot themselves establish such a principle with clarity sufficient to satisfy the AEDPA bar." *Williams*, 529 U.S. at 381; *see also*, 28 U.S.C. § 2254(d)(1).  As cited previously, the Supreme Court recently reiterated this point stating "'if a habeas court must extend a rationale before it can apply to the facts at hand,' then by definition the rationale was not 'clearly established at the time of the state-court decision.'" *White*, 134 S. Ct. at 1706 (quoting *Yarborough*, 541 U.S. at 666).

Baggs has not established the state courts' decisions were premised on an unreasonable determination of the facts, nor has he identified clearly established federal law as determined by the

Supreme Court to which the state courts' decision was contrary.  He therefore is not entitled to federal habeas relief on this issue.

## IX.    Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Baggs's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).[61]

New Orleans, Louisiana, this 15th day of December, 2014.

KAREN WELLS ROBY
**UNITED STATES MAGISTRATE JUDGE**

---

[61]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.